# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **WOODS KNOLL, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **Case No.: 1:09-CV-1219-VEH** |
| ] | |
| **CITY OF LINCOLN,** ] | |
| **ALABAMA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

This case arises under the Federal Water Pollution Control Act a/k/a the Clean Water Act ("CWA") and state law. (Doc. 1 ¶ 1). Plaintiff Woods Knoll, LLC ("Woods Knoll") originally brought the suit against Defendant City of Lincoln, Alabama (the "City") on June 17, 2009. (*Id.* ¶ 5). By way of an amended complaint (Doc. 17) filed on November 16, 2009, Woods Knoll added Defendants Goodwyn, Mills & Cawood, Inc. ("Goodwyn") and Waites Construction Company, Inc. ("Waites") to the litigation. (*Id.* ¶¶ 6-7).

Goodwyn and Waites were then dismissed as parties for lack of subject matter jurisdiction on April 16, 2010, due to Woods Knoll's failure to provide a 60 days pre-lawsuit notice to it, as an alleged violator, as set forth in 33 U.S.C. § 1365. (Doc. 57).

Subsequently, however, the court gave Woods Knoll leave to refile its complaint against Goodwyn and Waites (Doc. 63), and Goodwyn and Waites were formally added back into the litigation on July 21, 2010. (Doc. 66).

Pending before the court is Defendant Goodwyn's second Motion to Dismiss (Doc. 73) (the "Motion") filed on August 12, 2010.[1] Woods Knoll filed its opposition (Doc. 76) to the Motion on August 26, 2010.[2] On September 2, 2010, Goodwyn followed with its reply. (Doc. 77). For the reasons explained below, Goodwyn's Motion is **GRANTED** with leave for Woods Knoll to replead its claims against Goodwyn as described below.

## II.  Analysis

Goodwyn's new Motion challenges the jurisdiction of this court to hear the CWA claims asserted against it because "any violation as alleged in the Second Amended Complaint was committed wholly in the past and cannot form the basis of a CWA claim." (Doc. 73 ¶ 14). Goodwyn also asserts that the most recently

---

[1] Waites answered the second and restated complaint on August 25, 2010. (Doc. 75).

[2] Prior to that, on August 24, 2010, the City filed a response (Doc. 74) to the Motion. To the extent that the response seeks conditional relief from this court contingent upon its ruling on Goodwyn's Motion, such request is **DENIED WITHOUT PREJUDICE** as not being properly presented procedurally to the court as a motion, and relatedly, underdeveloped because the relief sought has not been subject to a separate briefing schedule.

amended complaint (Doc. 66) fails to state a claim upon which relief can be granted against it because the CWA limits private citizens to suits against "parties who are in violation of an effluent standard or limitations" and concomitantly does not "'protect private citizens from negligence or fraud by private engineers [like Goodwyn].'" (Doc. 73 ¶ 24; *id.* ¶ 25 (quoting *Jaillet v. Hill and Hill*, 460 F. Supp. 1075, 1078 (W.D. Penn. 1978))).

Woods Knoll does not dispute that a wholly past act cannot form the basis of a CWA claim. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 64 (1987) (" Section 505 [of the CWA] does not permit citizen suits for <u>wholly past violations</u>.") (emphasis added).  Instead, Woods Knoll jurisdictionally responds that "it has made good-faith allegations throughout its Second Amended Complaint of both continuous and intermittent violations committed by Defendant [Goodwyn], as well as, violations that are reasonably likely to continue in the future, such that this Court has Subject Matter Jurisdiction over this matter."  (Doc. 76 ¶ 8). Woods Knoll further sets forth the numerous factual assertions that it has made specifically against Goodwyn as it relates to purported violations of the CWA. (Doc. 76 ¶ 13 (a) -(q); *see also* Doc. 66 ¶ 18 (a) - (q)).

Notably, however, each one of these allegations is stated in the past tense. Further, the time periods expressly referenced in this paragraph include no ongoing

or present points in time: "the June 19, 2008 expiration date of [the] NPDES permit, and as recent as November 2009[;]" (Doc. 66 ¶ 18 (d)); "the required 'Inspection Certification Reports & BMP Certifications' in August 2008 when there was [sic] 6 inches of rain over a three (3) day period[;]" (Doc. 66 ¶ 18 (d)); and "[p]rovided (or permitted to be provided) false information to ADEM in July 2009 for the purpose of re-registering Lincoln's expired NPDES permit stating in particular that there was no active construction at the facility dating back to 2007[.]" (Doc. 66 ¶ 18 (q)).

In its reply, Goodwyn counters that only one paragraph, namely paragraph 21, of Woods Knoll's second amended complaint asserts "any continuous or ongoing violations as to [Goodwyn]" under the CWA and that such reference is ineffectually "'shotgun' styled." (Doc. 77 ¶ 8). Goodwyn relatedly replies that Woods Knoll has only asserted "good-faith allegations of wholly-past violations of the CWA" against it. (*Id.* ¶ 11).

Goodwyn then reiterates why it believes that a Rule 12(b)(6) dismissal is appropriate (Doc. 77 ¶¶ 12-15) and further seeks litigation costs as a "prevailing party" under the CWA if the court dismisses it with prejudice. (Doc. 77 ¶ 16). Finally, Goodwyn asserts that, if the CWA count against it is dismissed then all the supplemental state law claims against it should also be dismissed. (*Id.* at 8 ("Should the Court dismiss Count I as to [Goodwyn], no independent basis for jurisdiction

4

would exist as to the remaining state law claims.")).

The court has studied the allegations contained in Woods Knoll's second amended and restated complaint and agrees with Goodwyn that only paragraph 21 includes CWA assertions that purport to be, at least partially, continuous in nature:

> <u>On or about June 2007 and continuously thereafter</u>, Defendant Lincoln, acting individually and through its employee and agent Mayor Carroll L. Watson, <u>Defendant Goodwyn, Mills & Cawood, Inc., while acting through its officers, agents and/or employees W. Findley Frazer and Stewart A. Blackwell</u>, and Defendant Waites Construction, while acting through its officers, agents, and employees, <u>violated the effluent standards and limitations of the United States Clean Water Act</u>, 33 U.S.C. §§ 1251-1487, including 33 U.S.C. §§ 1311, 1312, 1314, 1316, 1317, 1318, 1319 1342, 1344, 1345 and 1413, 33 C.F.R § 328, 33 C.F.R. § 325 as defined in 33 C.F.R. § 328, 40 C.F.R. §§ 22.1 to 22.50, Code of Alabama (1975) §§ 22-22-1 to 22-22-14, 22-22A-1 to 22-22A-16, as amended, and ADEM Administrative Code Ch. 225-6-12, which make it illegal to discharge pollutants except in compliance with law, including obtaining a permit from the United States Army Corps of Engineers (USACE) when disturbing or discharging to jurisdictional Waters and Wetlands of the United States, as required by 33 U.S.C. §§ 401, 1342, 1344, 1413, and by Lincoln's Alabama Department of Environmental Management (ADEM) National Pollutant Discharge Elimination System (NPDES) General Permit # ALR16D462, which states that "[permit] registration neither precludes nor negates operator's responsibility or liability to apply for, obtain, or comply with other ADEM, federal, state of local government permits, certifications, licenses, or other approvals." In this regard, Defendants failed to prepare a required United States Army Corps of Engineers (USACE), Wetlands Delineation form and an application for a United States Army permit to disturb/destroy jurisdictional Waters and Wetlands located on its approximate 190-acre site, and/or to discharge stormwaters containing fill material and untreated pollutants from its site to and through Plaintiff Woods Knoll's 239-acre site and its jurisdictional

> Waters and Wetlands and to Lake Logan Martin, which receives waters from Woods Knoll's jurisdictional stream. Defendants' actions also caused Lincoln's stormwaters and untreated pollutants to be received in a Right-of-Way easement ditch along McCaig Road, a Talladega County Road, which contains Lincoln's sanitary sewer forced main, containing hazardous waste. This ditch upon receiving stormwaters from Lincoln's site then discharges to the jurisdictional Waters and Wetlands located on Woods Knoll. Defendants' actions also violate the effluent standards of the Clean Water Act.

(Doc. 66 ¶ 21 (emphasis added)). Goodwyn is similarly correct that this particular paragraph is lumpily drafted in a boilerplate fashion and fails to delineate which particular CWA standards are being violated by Goodwyn in a continuous manner or describe how such purported violations are currently ongoing or intermittent such that they are actionable under the *Gwaltney* "good-faith allegation of ongoing violation" standard. *Id.*, 484 U.S. at 467 ("Because the court below erroneously concluded that respondents could maintain an action based on wholly past violations of the Act, it declined to decide <u>whether respondents' complaint contained a good-faith allegation of ongoing violation by petitioner</u>.") (emphasis added); *see also Atlantic States Legal Foundation, Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1135 (11th Cir. 1990) ("Plaintiffs must be able to prove that non-compliance was ongoing at the time they filed suit in order to be able to later maintain an action for civil penalties."); *Atlantic States*, 897 F.2d at 1136 ("Although the *Gwaltney* court did not state so explicitly, it is clear from the opinion that the term 'ongoing violations' refers to the time the suit

was filed and not the time of trial.") (footnote omitted); *cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) ("Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims'. . . 'across the line from conceivable to plausible.' *Ibid.*").

Additionally, the court observes that in its prayer for prospective injunctive relief under the CWA, Woods Knoll makes no mention of seeking to enjoin Goodwyn's purported repetitive and continuous discharges:

> B.   Grant a Preliminary and Permanent Injunction <u>enjoining Defendant Lincoln from its repetitive and continuous discharges</u> to Woods Knoll farm and its U.S. jurisdictional Waters and Wetlands, to lower landowners, and to the Coosa River/Lake Logan Martin of millions of gallons of untreated stormwater and pollutants from its now fully disturbed 190-acre excavated site in substantially increased volumes, velocity, and decreased time of concentration.

(Doc. 66 at 27 ¶ B (emphasis added)).  Indeed, Woods Knoll's decision not to include Goodwyn in its demand for injunctive relief causes this court to have serious "case or controversy" concerns about the Article III constitutional viability of Woods Knoll's CWA claim against Goodwyn.

In particular, as the *Gwaltney* Court explained, "mootness . . . prevent[s] the maintenance of suit when 'there is no reasonable expectation that the wrong will be repeated.'"  484 U.S. at 66 (citations omitted).  The Court then further reasoned that the "[m]ootness doctrine thus protects defendants from the maintenance of suit under

7

the Clean Water Act based solely on violations wholly unconnected to any present or future wrongdoing, while it also protects plaintiffs from defendants who seek to evade sanction by predictable 'protestations of repentance and reform.'" 484 U.S. at 66-67 (citation and footnote omitted). Here, because there is no indication that Woods Knoll seeks to redress "any present or future [CWA] wrongdoing" by Goodwyn, *Gwaltney*, 484 U.S. at 67, there is, apparently, no corresponding expectation on the part of Woods Knoll that Goodwyn is repeating or will repeat its alleged past CWA wrongs identified in the complaint.

Therefore, the court concludes that because the second amended and restated complaint fails to contain any discernible "good-faith allegation of [an] ongoing [CWA] violation by [Goodwyn]," the court cannot appropriately exercise subject matter jurisdiction over such federal count. *Gwaltney*, 484 U.S. at 467. Relatedly, as the court lacks original subject matter jurisdiction over the CWA claim as currently pled, it declines to exercise supplemental jurisdiction over the state law claims against Goodwyn. (*See, e.g.*, Doc. 63 at 7-8 (explaining discretionary nature of exercising pendent jurisdiction once court has dismissed from the lawsuit all claims bestowing original jurisdiction)). Accordingly, the Motion is **GRANTED** on lack of subject matter jurisdiction grounds with leave given to Woods Knoll, no later than October 19, 2010, to replead its CWA claim (and reassert its state law claims) against

Goodwyn in light of the concerns outlined above.

**III.    Conclusion**

Goodwyn's Motion (Doc. 73) is **GRANTED** to the extent stated herein, and all claims asserted against Defendant Goodwyn in this lawsuit are **DISMISSED WITHOUT PREJUDICE**, with leave for Woods Knoll to replead no later than October 19, 2010.[3]  In all other respects, Goodwyn's Motion is **DENIED**.

Additionally, it appears preliminarily to the court that Woods Knoll's allegations asserted against Waites are similarly deficient from a subject matter jurisdiction standpoint.  If this is true, then it would be appropriate for this court to

---

[3] Accordingly, the court does not reach Goodwyn's alternative Rule 12(b)(6) ground offered in support of dismissal.  Also, Goodwyn's undeveloped request for an award of litigation costs is once again **DENIED**.  (*See* Doc. 57 at 9 n.1).  As this court has previously explained:

> Not only has Goodwyn failed to even set forth the statutory standard under § 1365(d) or cite to any supportive case authority but, even if it had, the court, in its discretion, concludes that a jurisdictional victory in the form of a without prejudice dismissal does not constitute the type of circumstances under which it would find such an award to be appropriate.  *See* 33 U.S.C. § 1365(d) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.") (emphasis added).

(*See* Doc. 57 at 9 n.1).  Goodwyn provided no additional support for its request despite this court's prior ruling and, under such circumstances, the court, *a fortiori*, concludes that any award of costs to Goodwyn would be inappropriate.

*sua sponte* dismiss Waites from this litigation without prejudice, despite its failure to raise the issue. Accordingly, Woods Knoll is also **GRANTED** leave to replead <u>good-faith</u> allegations of ongoing CWA violations against Waites no later than October 19, 2010.

    **DONE** and **ORDERED** this the 7th day of October, 2010.

                                                        **VIRGINIA EMERSON HOPKINS**
                                                        United States District Judge