## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**WOODS KNOLL, LLC,**  ]
                       ]
    **Plaintiff,**   ]
                       ]
**v.**                 ]   **Case No.: 1:09-CV-1219-VEH**
                       ]
**CITY OF LINCOLN,**   ]
**ALABAMA, et al.,**   ]
                       ]
    **Defendants.**  ]

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

This case arises under the Federal Water Pollution Control Act a/k/a the Clean Water Act ("CWA") and state law. (Doc. 1 ¶ 1). Plaintiff Woods Knoll, LLC ("Woods Knoll") originally brought the suit against Defendant City of Lincoln, Alabama (the "City") on June 17, 2009. (*Id.* ¶ 5).

On October 19, 2010, Woods Knoll filed a third amended and restated complaint. (Doc. 81). Pending before the court is the City's Motion to Dismiss Counts Two and Four of the Third Amended and Restated Complaint (Doc. 88) (the "Motion") filed on November 2, 2010. Because the City of Lincoln has already filed an answer (Doc. 87) to Woods Knoll's third amended and restated complaint, the court treats the City's Motion as one for judgment on the pleadings. *See* Fed. R. Civ.

P. 12(c) ("After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."); *see also Skrtich v. Thornton,* 280 F.3d 1295, 1306 (11th Cir. 2002) ("Rule 12(b) provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) <u>before interposing a responsive pleading if one is due</u>.") (emphasis added).

Woods Knoll filed its opposition (Doc. 91) on November 16, 2010, and the City followed with a reply (Doc. 94) filed on December 2, 2010. For the reasons explained below, the Motion is **DENIED**.

## II. Standard of Review

As the Eleventh Circuit explained Rule 12(c) in *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002):

> We review *de novo* the district court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). <u>If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.</u> *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999).

*Horsley*, 292 F.3d at 700 (emphasis added).

## III.  Analysis

The City asserts that a dismissal of counts two (for negligence) and four (for nuisance and trespass) of the third amended and restated complaint is <u>potentially</u> appropriate because of Woods Knoll's failure to properly comply with Ala. Code § 11-47-191(a).  This provision addresses the institution of actions and the execution of judgment against municipalities and states:

> (a) <u>The injured party, if he institutes a civil action against the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the civil action, and no judgment shall be entered against the city or town unless judgment is entered against such other person or corporation so liable for such injury</u>, except where a summons is returned not found as to a defendant <u>or when judgment is entered in his favor on some personal defense</u>, and if a civil action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to the provisions in Section 11-47-190, <u>the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant</u>, if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision.
>
> (b) When a judgment shall be obtained against a municipality and the other party liable as provided in subsection (a) of this section, execution shall issue against the other defendant or defendants in the ordinary form and shall not be demandable of the city or town unless the other defendants are insolvent and the same cannot be made out of their property, and the city or town shall pay only so much of the said judgment as cannot be collected from the other defendants.
>
> (c) If the injured party shall, before bringing the civil action, <u>demand</u> of

the mayor or other chief executive officer of such municipality <u>the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party</u>, and <u>if such mayor or other chief executive officer fails to furnish, within 10 days from the making of such demand</u>, the name of such person or persons or corporation so jointly liable, <u>the said injured party shall not be required to join such other person as a party defendant with said municipality in any civil action brought to recover damages for such injuries</u>.

Ala. Code § 11-47-191(a)-(c) (emphasis added).

Section § 11-47-191 should be read in conjunction with Ala. Code § 11-47-190, which provides:

<u>No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation</u>, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, <u>or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body</u> and <u>whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured</u>. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding.

Ala. Code § 11-47-190 (emphasis added).

As the City contends, Woods Knoll "may not obtain a judgment against the City on state law claims in Counts Two and Four unless judgment is also rendered against any other person or corporation liable for the injury." (Doc. 88 ¶ 6 (citations omitted)). The City then concludes its Motion as follows:

> Therefore, pursuant to Ala. Code § 11-47-191, the City requests that the Court condition any dismissal of the plaintiffs' state law claims in Court Two and Court Four against GMC and/or Waites on the contemporaneous dismissal of the state law claims contained in Counts Two and Four against the City.

(*Id.* ¶ 7(emphasis added)).

Woods Knoll has responded that an exception to the general rule relied upon by the City applies because, prior to filing the initial complaint, a letter, dated January 30, 2009, was sent to the City's Mayor Carroll L. Watson ("Mayor Watson"), and yet Woods Knoll never received any response to this correspondence. (Doc. 91 ¶ 1; *see also* Doc. 81 ¶ 5 ("Pursuant to Ala. Code § 11-47-191(c), Plaintiff Woods Knoll, having made this demand upon Mayor Watson, and Mayor Watson having failed to respond to Plaintiff's demand, Plaintiff Woods Knoll was not required to join Defendants Goodwyn, Mills & Cawood and Waites Construction as party defendants with Defendant Lincoln when it initially filed this action on June 17, 2009.")).

The City counters by attaching a copy of the January 30, 2009, letter and

arguing that the subject correspondence was not sufficiently specific to activate any § 11-47-191(c) obligation on the part of Mayor Watson to respond.[1]  (Doc. 94 ¶ 2). The City alternatively maintains that "by joining as defendants in the action GMC and Waites, Plaintiff effectively triggered the application of section 11-47-191(a), which provides in pertinent part that 'no judgment shall be entered against the city or town unless judgment is entered against such other person or corporation so liable for such injury,' despite any alleged failure of Mayor Watson to respond to Plaintiff's demand."  (Doc. 94 ¶ 3 (citing Ala. Code § 11-47-191(a)).  The City cites to no case law in support of this alternative position.

<u>For the purposes of this Motion only</u>, the court assumes that the letter sent to Mayor Watson was inadequately worded to satisfy the exception set forth in Ala. Code § 11-47-191(c) upon which Woods Knoll relies.  Even so, the City still has not persuaded the court that it would be entitled to judgment as a matter of law on counts

---

[1]  The court's consideration of this correspondence does not require it to convert the Motion to one for summary judgment as "the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  *See SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005)); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  Here, the letter is expressly referred to by Woods Knoll in its pleading (*see* Doc. 81 ¶ 5), and the document's authenticity has not been disputed.

two and four <u>if</u> the court decides to enter a judgment dismissing Defendants Goodwyn, Mills & Cawood ("Goodwyn") and Waites Construction ("Waites") without prejudice <u>on jurisdictional grounds</u>. In particular, the City has completely ignored the "except . . .when judgment is entered in his favor on some personal defense" language that is a part of § 11-47-191(a).

In this court's view, that additional exception means that, if a defendant joined with a municipality in a civil damages case is subsequently dismissed from the action <u>on grounds that are particular to it</u>, then the plaintiff may still pursue a judgment against the city in that lawsuit. As the Supreme Court of Alabama has explained the meaning of the predecessor statutory sections corresponding to §§ 11-47-190 and 11-47-191:

> According to this statute (section (503)) <u>[t]he circumstances under which judgment cannot be rendered against the municipal defendant alone are these</u>: Where it is shown that the injury or wrong for redress of which the plaintiff sues was the proximate result of a defect created or existing by reason of the negligent act or omission of a person or corporation not related to the municipal service or function and for the culpable failure of the municipality, to remedy which defect the municipal defendant is made only solely jointly liable with such culpable person or corporation, unless there have been no service upon the person or corporation so initially culpable in the premises, <u>or unless the judgment is rendered in favor of such person or corporation on some personal defense interposed by such person or corporation</u>. The manifest legislative purpose was to prevent the rendition of judgment against the municipality for culpable neglect in respect of a condition [n]ot initially created by it, but for the negligent failure to remedy which

> it is made liable. <u>In other words, where a defendant, within the description of the second class (b) of section (502), is joined with the municipality as a defendant and served with process, judgment against the municipality alone cannot be rendered</u>, unless the person or corporation, whose [p]rimary culpable act or omission give rise to and affords the essential basis for the municipal neglect to remedy the defect, as defined, is also adjudged liable, <u>provided the liability of such person or corporation is not averted by some personal defense</u>.' ([e]mphasis added).

*Isbell v. City of Huntsville*, 330 So.2d 607, 610 (Ala. 1976) (citation omitted) (emphasis added). Because a jurisdictional dismissal of counts two and four by the court (<u>if</u> it so rules) would be pursuant to a defense personal to Defendants Goodwyn and Waites (*i.e.*, as opposed to a merits-based judgment in which Goodwyn and Waites were found to be not negligent or found not to have committed a nuisance or trespass), another exception to the no municipal judgment rule is present, regardless of the sufficiency of the pre-lawsuit correspondence sent to Mayor Watson.

Additionally, the City has offered no authority, much less controlling case law, that even arguably supports a dismissal under the set of circumstances that exist here. As such, the City's position is perfunctorily presented, underdeveloped, and unpersuasive. *See, e.g., Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument

made without citation to authority is insufficient to raise an issue before the court). Therefore, for all these reasons, the City has not carried its Rule 12(c) burden of proving that it is entitled to judgment as a matter of law by operation of Ala. Code § 11-47-191(a).

## IV. Conclusion

Accordingly, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 16th day of December, 2010.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge