IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WOODS KNOLL, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 1:09-CV-1219-VEH |
| ] | |
| **CITY OF LINCOLN,** ] | |
| **ALABAMA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**MEMORANDUM OPINION**

**I.    Introduction**

This case arises under the Federal Water Pollution Control Act a/k/a the Clean Water Act ("CWA") and state law. (Doc. 1 ¶ 1). Plaintiff Woods Knoll, LLC ("Woods Knoll") originally brought the suit against Defendant City of Lincoln, Alabama (the "City") on June 17, 2009. (*Id.* ¶ 5). By way of an amended complaint (Doc. 17) filed on November 16, 2009, Woods Knoll added Defendants Goodwyn, Mills & Cawood, Inc. ("Goodwyn") and Waites Construction Company, Inc. ("Waites") to the litigation. (*Id.* ¶¶ 6-7).

Goodwyn and Waites were then dismissed as parties for lack of subject matter jurisdiction on April 16, 2010, due to Woods Knoll's failure to provide a 60 days pre-lawsuit notice to it, as an alleged violator, as set forth in 33 U.S.C. § 1365. (Doc. 57).

Subsequently, however, the court gave Woods Knoll leave to refile its complaint against Goodwyn and Waites (Doc. 63) (after having provided them with the requisite statutory notice), and Goodwyn and Waites were formally added back into the litigation on July 21, 2010. (Doc. 66).

Rather than answering the second amended and restated complaint, Goodwyn filed a second motion to dismiss for lack of subject matter jurisdiction (Doc. 73) on the basis that the pleading ineffectively asserted only wholly past CWA violations.[1] On October 7, 2010, the court granted Goodwyn's second motion to dismiss and dismissed Wood Knoll's case against Goodwyn and Waites again for lack of subject matter jurisdiction,[2] but gave Woods Knoll an opportunity to replead, which it did by filing a third amended and restated complaint on October 19, 2010. (Doc. 81).

Pending before the court now is Defendant Goodwyn's third Motion to Dismiss (Doc. 89) ("Goodwyn's Motion") filed on November 10, 2010. Waites filed a similar Motion to Dismiss (Doc. 90) ("Waites's Motion") on November 12, 2010. Woods Knoll filed its combined opposition (Doc. 92) to Goodwyn's Motion and Waites's

---

[1] Waites answered the second and restated complaint on August 25, 2010. (Doc. 75).

[2] The court determined, *sua sponte*, that a dismissal without prejudice of all claims against Waites was appropriate for the same jurisdictional reasons that it found were applicable to those alleged against Goodwyn.

Motion on November 23, 2010.

On December 1, 2010, Goodwyn followed with its reply. (Doc. 93). Waites elected not to file a reply. On December 3, 2010, Woods Knoll filed a Motion for Permission to Respond to Defendant Goodwyn, Mills & Cawood, Inc.'s Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 95) (the "Surreply Request") relating to the issue of attorney's fees. On December 9, 2010, the court granted the Surreply Request. (Doc. 96).

Woods Knoll then filed its attorney fee surreply (Doc. 98) on December 14, 2010. Goodwyn followed with its response (Doc. 100) on December 20, 2010. Accordingly, all issues are now under submission. Further, for the reasons explained below, Goodwyn's Motion and Waites's Motion are due to be granted on lack of subject matter jurisdiction grounds due to Woods Knoll's failure to comply with the 60-day CWA notice requirement and the court's resulting lack of supplemental jurisdiction over any state law claims alleged against Goodwyn and Waites. However, the demand by both defendants that the dismissal be "with prejudice" as opposed to "without prejudice," as well as Goodwyn's separate request for an award of attorney's fees and expenses, are due to be denied.

## II. Analysis

### A. 60-Day Notice Requirement

The new Motions filed by Goodwyn and Waites challenge the jurisdiction of this court to hear the CWA claims asserted against them because Woods Knoll failed to provide them with another 60-day notice before filing and serving its third amended and restated complaint. (Doc. 89 at 1-5; Doc. 90 at 1-2). Goodwyn additionally asserts that the most recently amended complaint (Doc. 81) fails to state a claim upon which relief can be granted against it (Doc. 89 at 5-7) and also seeks a recovery of attorney's fees. (*Id.* at 7-14).

> Regarding the CWA 60-day notice requirement, this court has previously ruled:
> 
> The court has also studied the controlling authority cited by all parties, *i.e.*, *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d 1096 (11th Cir. 1991), which confirms that:
> 
> > [T]he 60-day notice requirement of 33 U.S.C. § 1365(b) is <u>a mandatory condition precedent</u> to the filing of a citizen suit under the Clean Water Act. <u>If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action</u>.
> 
> *ABC Rail*, 926 F.2d at 1097-98 (emphasis added). While ABC Rail admittedly does not address effective notice in the context of a multiple defendant CWA lawsuit, its language suggests strict compliance with the requirement, including providing prior notice to each litigant, even when added to an already existing lawsuit by way of an amendment. *See, e.g.*, *ABC Rail*, 926 F.2d at 1097-98 ("If a plaintiff fails to comply with this notice requirement where it is applicable, <u>the district court is

required to dismiss the action.") (emphasis added); *id.* at 1099 ("The Supreme Court has explained that the purpose of § 1365(b) is <u>to give the alleged violator an opportunity to bring itself into compliance with the Act</u>, and thus make the citizen suit unnecessary.") (emphasis added); *id.* ("This application simply gives other methods of enforcement-compliance under the threat of litigation and government enforcement actions-<u>priority over citizen law suits</u>.") (emphasis added).

Here, Woods Knoll does not dispute that the CWA notice requirement has been triggered by the claims contained in its lawsuit. In particular, Woods Knoll has asserted multiple CWA violations and specifically addressed satisfaction of the notice requirement as it pertains to the City in its complaint. (*See* Doc. 17 ¶ 20 (expressly referencing §§ 1311, 1213, 1314, 1316-19, 1342, 1344-45); Doc. 17 ¶ 3 (discussing notice provided to the City)); *see also ABC Rail*, 926 F.2d at 1098 ("While the notice requirement contained in 33 U.S.C. § 1365(b) is mandatory, there are two exemptions recognized in the statute: citizen suits brought 'respecting a violation of § 1316 or § 1317(a)' of Title 33.") (citation omitted); 33 U.S.C. § 1365(b)(2) ("[E]xcept that such action <u>may be brought immediately</u> after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title.") (emphasis added).

Instead, in responding to both motions, Woods Knoll maintains that, because it provided adequate notice to one of the alleged violators, *i.e.*, the City, it has complied with the requirements of § 1365(b)(1)(A). (*See, e.g.*, Doc. 50 at 2-3). However, Woods Knoll cites <u>no authority</u> for this unpersuasive proposition. On this basis alone, Woods Knoll's position is rejected. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the contention); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Moreover, this court is independently unaware of any binding precedent so holding. Furthermore, the court has located persuasive

>  authority which lends support to the position of Goodwyn and Waites that <u>each</u> alleged violator is entitled to receive advance notice of impending CWA litigation. *See Pennsylvania Environmental Defense Foundation v. Mazurkiewicz*, 712 F. Supp. 1184, 1991 (M.D. Pa. 1989) (dismissing individual defendant added by way of amended complaint on the basis that the person "did not have actual notice from the Foundation of the alleged violations more than sixty days before this suit was filed"); *id.* ("If the alleged violator does not receive such notice, there is much less incentive for him or her to comply voluntarily with the federal law which he or she is alleged to be violating.").
>
>  Therefore, in the absence of citing to any supportive authority that providing notice to one party is effective as to any subsequently added defendants as well as neglecting to give prior notice to Goodwyn or Waites of its intent to sue each one specifically, a dismissal of the CWA claims against these defendants <u>without prejudice</u> is appropriate. *See ABC Rail*, 926 F.2d at 1099 ("The order of the district court dismissing appellant's complaint <u>without prejudice</u> is-AFFIRMED.") (emphasis by underlining added). Accordingly, the CWA claims asserted against Goodwyn and Waites are **DISMISSED WITHOUT PREJUDICE** due to Wood Knoll's non-compliance with the CWA's mandatory notice requirement.

(Doc. 57 at 4-7).

Similar to the above analysis, Woods Knoll has offered this court no on-point authority, much less any controlling case law, which bolsters its tenuous position that it could file a third amended complaint containing entirely new allegations of CWA violations <u>without</u> having previously given Goodwyn and Waites at least 60 days

6

notice of <u>those</u> violations.³ *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the contention); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Instead, Woods Knoll unpersuasively seems to blame the court for not factoring in sufficient time to provide the requisite notice when it gave Woods Knoll a deadline of October 19, 2010, to file the amended pleading. (*See* Doc. 92 ¶ 3 ("On October 7, 2010, the Court in a Memorandum Opinion and Order granted Defendants GMC's motion and dismissed, without prejudice, all claims asserted against Defendant GMC and Waites "with leave for Woods Knoll to re-plead no later that October 19, 2010.") (citing Doc. 80); Doc. 98 ¶ 1 ("The Court did not instruct Plaintiff to provide Defendants GMC or Waites an additional 60-day notice of intent of violation, which Plaintiff previously argued in its initial response brief was not

---

³ The court acknowledges that Woods Knoll has cited to various decisions which discuss and apply the 60-day statutory notice standard. (Doc. 92 ¶ 5). However, what is lacking from this collection of cases are any examples of directly applicable authority in which service of a summons and a restated complaint upon a defendant that includes new allegations of CWA violations after the prior complaint has been dismissed for lack of subject matter jurisdiction does not require a new 60-day pre-suit notice of those new allegations.

required."); *see also* Doc. 100 ¶ 1 ("In its surreply, the Plaintiff blames this Court's October 7, 2010, order (Doc. 80) for the Plaintiff's failure to abide by the Clean Water Act's notice.")). However, Woods Knoll conveniently ignores the procedural step(s) that it could have easily taken once it realized that a new notice under the CWA might be required, but that the time period set by the court lacked a 60-day window–it could have moved for clarification of the court's order (Doc. 80), which established the repleading deadline of October 19, 2010, or alternatively it could have moved for additional time to amend its pleading to allow for time to provide the requisite notice. Furthermore, to the extent that this court's order contributed to Woods Knoll's current failure, the law is well-settled that a court lacks authority to waive the 60-day pre-suit notice requirement. *See, e.g., ABC Rail*, 926 F.2d at 1097-98, discussed *supra* at pp. 4-5.

To the contrary, Woods Knoll sat idly relying upon an old notice (dated April 27, 2010 (Doc. 92 ¶ 3)), <u>that was provided nearly six months prior</u> to Woods Knoll's assertion by way of a third amended and <u>restated</u> complaint (Doc. 81), filed on October 19, 2010, with requests for service by certified mail (Docs. 82, 83) and newly issued summonses (Doc. 84 at 1-2) that were separately served on Goodwyn and Waites on October 21, 2010 (Docs. 85, 86), that these defendants had engaged and were engaging in ongoing CWA violations. The court finds that *ABC Rail* is

controlling in this situation, that *ABC Rail* dictates strict compliance with the statutory notice provision, and that Woods Knoll has once again failed to provide the CWA-mandated 60-day pre-suit notice to Goodwyn and Waites of Woods Knoll's new allegations set out in its third amended and restated complaint.

As persuasive support for its conclusion, the court relies upon the decisions of *St. Johns Riverkeeper, Inc. v. Jacksonville Electric Authority*, Nos. 3:07-CV-739-J-34TEM, 3:07-CV-747-J-34MCR, 2010 WL 745494 (M.D. Fla. Mar. 1, 2010) and *Pub. Interest Group of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239 (3d Cir. 1995) cited therein. As the court in *St. Johns* explained the notice requirement:

> In *Pub. Interest Group of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239 (3d Cir. 1995), the Third Circuit became the first circuit court of appeal to consider the precise issue here presented-the adequacy of pre-suit notice failing to specifically identify additional violations later alleged in a citizen-suit complaint. *See id.* at 1241, 1247-50. The *Hercules* court did "not read § 1365 to compel a finding that a citizen must give notice to recipients of each individual violation of a specific discharge limitation." *Id.* at 1248. As the court explained,
>
>> if a permit holder has discharged pollutant "x" in excess of the permitted effluent limit five times in a month but the citizen has learned only of four violations, the citizen will give notice of the four violations of which the citizen then has knowledge but should be able to include the fifth violation in the suit when it is discovered. <u>Whether the agency or the permit holder is informed of four or five excess discharges of pollutant "x" will probably make no difference in a decision to bring about compliance</u>. If the agency or the permit holder decides, however, not to

9

> comply, there seems to be nothing gained by requiring the citizen to file a new notice letter in order to include a fifth violation in the suit. A literal reading of the statute requires that the citizen identify discharges in excess of the effluent limit, but not necessarily each individual excess.
>
> *Id.* Thus, the court judged the sufficiency of the pre-suit notice in terms of whether it accomplished the intended purpose of such notice-that is, whether it provided "the EPA and the state . . . with enough information to enable them intelligently to decide whether to" initiate an enforcement action and provided "the alleged violator . . . with enough information to be able to bring itself into compliance." *Id.* at 1249. Applying its test, the court held "that a notice letter which includes a list of discharge violations, by parameter, provides sufficient information for the recipients of the notice to identify violations of the same type (same parameter, same outfall) occurring during and after the period covered by the notice letter." *Id.* at 1250.
>
> In addition to being urged as the appropriate standard by all parties in this case, *see* Plaintiffs' Motion at 13-14; Defendant's Response at 14-15, the Third Circuit's approach has also proved persuasive to other courts of appeal, *see Comty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 950-953 (9th Cir.2002) (citing *Hercules* extensively and holding notice adequate despite fact that "the plaintiffs' complaint listed violations that were not specifically listed in the notice" because "the violations originated from the same source, were of the same nature, and were easily identifiable" and "[a]s in *Hercules*, [the plaintiff's] notice satisfie[d] the goals of the CWA's citizen suit provision"); *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 355 (8th Cir.1998) (citing *Hercules* and holding that "[a] citizen suit is limited to violations that are closely related to and of the same type as the violations specified in the notice of intent to sue.").

*St. Johns*, 2010 WL 745494, at *12-13 (emphasis added).

Here, the court cannot envision how Woods Knoll's April 27, 2010, pre-suit

10

notice satisfies the *Hercules* standard because nothing in the April 27, 2010, document points to the <u>ongoing</u> nature of any CWA violations by either Goodwyn or Waites.[4] (*See, e.g.*, Doc. 89 ¶ 4 n.1 ("The allegations contained in the 'notice' of April 2010 were drafted in the same (nearly identical) manner as those which were described by this Court as 'lumpily drafted in a boilerplate fashion' and 'fail[ing] to delineate which particular CWA standards are being violated by Goodwyn in a continuous manner or describe how such purported violations are currently ongoing or intermittent such that they are actionable under the *Gwaltney* 'good-faith allegation

---

[4] The court observes that, while several references to the April 27, 2010, letter are made by the parties, no copy of it has been filed into the record. (*See, e.g.*, Doc. 81 ¶ 4 (asserting that "proper notice" was sent to Goodwyn and Waites on April 27, 2010); Doc. 89 ¶ 4 ("Afterwards, on April 27, 2010, Plaintiff attempted to correct its jurisdictional defect by mailing correspondence to GMC which ostensibly purported to fulfill the CWA's required 60-day notice."); Doc. 92 ¶ 3 ("On April 27, 2010, Plaintiff Woods Knoll sent via certified mail the statutorily required 60-day notice of intent to sue to Defendant GMC and Waites.")). <u>However, Woods Knoll does not ever dispute the point that the April 27, 2010, letter fails to provide Goodwyn and Waites with notice that delineates any current or ongoing CWA violations.</u>

Additionally, as the plaintiff bringing suit in federal court, Woods Knoll bears the burden of establishing the existence of this court's subject matter jurisdiction. *See, e.g., Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 395 (11th Cir. 2007) ("Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction.") (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)). Therefore, Woods Knoll's omission of its April 27, 2010, notice from the record provides this court with further reason to doubt the sufficiency of its contents in terms of establishing subject matter jurisdiction under the CWA, and likewise means that Woods Knoll has not met its jurisdictional burden.

of ongoing violation' standard.") (citing Doc. 80 at 6).[5]

Instead, Plaintiff has not disputed that Goodwyn's and Waites's assertion that the April 27, 2010 notice sounds in wholly past incidents and, as a result, fails to give "'the EPA and the state . . . enough information to enable them intelligently to decide whether to' initiate an enforcement action" and also fails to provide Goodwyn and Waites "enough information to be able to bring [themselves] into compliance [as to Plaintiff's newly added - specifically on October 19, 2010 - allegations of ongoing violations]." *St. Johns*, 2010 WL 745494, at *13; *see also Karr v. Hefner*, 475 F.3d 1192, 1200 (10th Cir. 2007) ("The EPA's regulation requires the notice to provide 'sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, [and] the date or dates of such violation.'") (citing 40 C.F.R. § 135.3(a) (emphasis added)).

Further, in the absence of any properly-noticed continuous CWA violations, all that remains to litigate from a federal standpoint are wholly past CWA infractions, which this court has previously found to be non-justiciable. (*See* Doc. 80 at 5-8).

---

[5] Therefore, Woods Knoll is incorrect in stating that "neither Defendant GMC nor Waites has pointed the court to any deficiency in Plaintiff's 60-day notice of violation." (Doc. 92 ¶ 4).

Accordingly, all CWA claims are due to be dismissed without prejudice against Goodwyn and Waites for lack of subject matter jurisdiction.[6]

Likewise, all the state law claims are due to be dismissed without prejudice. As this court previously held:

> Moreover, given the current stage of these proceedings, binding precedent suggests that a district court should exercise its discretion in favor of dismissing the state law claims without prejudice due to the fact that no CWA claim will remain pending against Goodwyn or Waites: "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (emphasis added) (footnote omitted); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("More specifically, this Court has noted that 'if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims.'") (emphasis added) (citations omitted); *see also Gibbs*, 383 U.S. at 726 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.") (footnote omitted); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise

---

[6] The law is well-established that dismissals for lack of subject matter jurisdiction are necessarily without prejudice for this court must have subject matter jurisdiction in order to enter a merits-based dismissal with prejudice. *See, e.g., Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) ("Since we conclude that Stalley lacks standing because he has no injury in fact and because the MSP is not a qui tam statute, the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits.") (emphasis added) (citation omitted); *id.* at 1235 ("However, since the district court did not have subject matter jurisdiction in this case, Stalley's complaint should have been dismissed without prejudice."); *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400 (11th Cir. 2000) (vacating district court's order granting declaratory relief and directing court "to dismiss the case without prejudice" due to lack of subject matter jurisdiction).

supplemental jurisdiction over a claim under subsection (a) if--(3) the district court has dismissed all claims over which it has original jurisdiction[.]"). Accordingly, in the court's discretion, the pendent state law claims asserted against Goodwyn and Waites are also **DISMISSED WITHOUT PREJUDICE**.

(Doc. 57 at 7-8). Therefore, with no pending claims remaining against either Goodwyn or Waites, both defendants are due to be dismissed, again, from this action, without prejudice.

### B. Litigation Costs Including Attorney's Fees

The recovery of litigation costs under the CWA has been briefed by Goodwyn and Woods Knoll.[7] However, despite giving the parties a specific briefing schedule on this issue, Goodwyn's request for an award of litigation costs still remains underdeveloped and unpersuasive, and is once again due to be denied.

As this court has previously explained on two separate occasions:

> Not only has Goodwyn failed to even set forth the statutory standard under § 1365(d) or cite to any supportive case authority but, even if it had, the court, in its discretion, concludes that a jurisdictional victory in the form of a without prejudice dismissal does not constitute the type of circumstances under which it would find such an award to be appropriate. *See* 33 U.S.C. § 1365(d) ("The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.") (emphasis added).

---

[7] Waites has not sought to recover any litigation costs from Woods Knoll under the CWA.

(*See* Doc. 57 at 9 n.1; *see also* Doc. 80 at 9 n.3 (same)).  Goodwyn, despite repeated orders from this court, still has not provided any case authority supporting its proposition that a jurisdictional without prejudice dismissal in favor of a defendant is sufficient to meet the "prevailing or substantially prevailing party" standard under the CWA.

Goodwyn suggests that there does not appear to be any controlling authority from the Eleventh Circuit as to the appropriate standard to use when applying § 1365 of the CWA.  (Doc. 89 ¶ 21).  Based upon its own research, the court has identified the Eleventh Circuit's decision of *Sierra Club v. Hankinson*, 351 F.3d 1358 (11th Cir. 2003), which addressed awarding litigation costs under the CWA:

> We review a district court award of attorneys' fees for abuse of discretion. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). A district court has "wide discretion" in exercising its judgment on the appropriate fee level, <u>though the court must articulate the decisions it makes, give principled reasons for those decisions, and show the specific fee calculations</u>. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir.1988). A district court abuses its discretion when it fails to apply the appropriate legal standard, follows improper procedures, or relies upon clearly erroneous findings of fact. *ACLU*, 168 F.3d at 427. . . .
>
> As the Fourth Circuit explained,
>
> <u>if we do not interpret "prevailing" in light of the goals of the Clean Water Act, the legislative purpose in awarding fees will be frustrated.</u> The legislative history of the fee shifting provisions indicates that they were enacted to encourage litigation to ensure proper administrative

15

> implementation of the environmental statutes. Both the Clean Air Act and section 1365(d) authorize a court to award fees whenever it determines that such award is appropriate . . . <u>Unlike plaintiffs in traditional civil actions, plaintiffs in environmental suits do not seek to vindicate personal rights and they obtain no financial benefit if they win</u>.
>
> *National Wildlife Federation v. Hanson*, 859 F.2d 313, 316-17 (4th Cir.1988).

*Hankinson*, 351 F.3d at 1361, 1362-63 (emphasis added). Therefore, the *Hankinson* court adopted the Fourth Circuit's approach that a "prevailing" party should be evaluated in the context of the CWA's goals, *i.e.*, does the case's outcome result in substantive steps taken in furtherance of the CWA?, and concluded that the plaintiffs there were "still 'prevailing or substantially prevailing' within the context of [fees attributable to a non-testifying expert witness's] monitoring an environmental consent decree." *Id.*, 315 at F.3d at 1362. Goodwyn has not mentioned *Hankinson*, much less attempted to explain how it meets the standard enunciated therein.

Moreover, regardless of *Hankinson*, Goodwyn still has not cited to <u>any</u> case law interpreting either the CWA or other similarly worded fee-shifting statutes that have allowed for a recovery of fees by a defendant as a prevailing party under comparable without prejudice jurisdictional circumstances. In particular, *Baker v. Alderman*, 158 F.3d 516, 525 (11th Cir. 1988), and *Turner v. Sunguard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996), are inapposite not only because they are

16

non-CWA decisions, but also because the defendants there substantially prevailed due to a <u>merits-based</u> failure of *prima facie* proof on the part of each plaintiff as opposed to a <u>jurisdictional-based</u> victory stemming from a plaintiff's failure to provide statutorily adequate pre-suit notice. (Doc. 89 ¶ 24).

Additionally, even if the court were inclined to award attorney's fees and costs in this situation, Goodwyn still has not developed the record with sufficient evidence pertaining to its request. Instead, without providing any type of breakdown,[8] or outside corroboration relating to the reasonableness of its request, Goodwyn premises its recovery exclusively upon evidence from one of its attorneys of record, namely, Jack B. Hinton, Jr. ("Mr. Hinton"), who has given an affidavit which sweepingly asserts that his "firm has billed attorney fees and expenses to GMC in the amount of $34,968.95" since November 1, 2010, and that "[t]hese fees and expenses are reasonable and necessary to adequately investigate and defend GMC against Plaintiff's claims." (Doc. 89-1 ¶¶ 5, 6).

Turning to the lack of any underlying information relating to Goodwyn's combined fee and expense request, *Hankinson* makes it overwhelmingly clear that an

---

[8] *E.g.*, separating attorney's fees from any expenses incurred; naming all attorneys and legal staff involved; setting forth the hourly rates for those attorneys and staff; indicating the number of hours expended by each person working on the matter; etc.

17

order awarding fees, but lacking any supporting "specific fee calculations" would constitute an abuse of discretion. 351 F.3d at 1361. Moreover, the overall amount specifically sought by Goodwyn in its Motion does not even mirror the purportedly supportive affidavit evidence sworn to by Mr. Hinton. (*Compare* Doc. 89 ¶ 22 (suggesting recovery of $30,990.55 in reasonable fees and expenses) *with* Doc. 89-1 ¶ 5 (indicating $34,968.95 as appropriate overall reasonable figure)).

Furthermore, Goodwyn offers no other underlying proof of reasonableness, and the overall paucity and poor caliber of its reasonableness evidence renders its request vitally deficient. Accordingly, in light of Goodwyn's significant authoritative and evidentiary omissions, especially in light of its burden as the movant, the court, in its discretion, concludes that any award of costs to Goodwyn, including attorney's fees, would be inappropriate under the circumstances.

## III. Conclusion

Goodwyn's Motion (Doc. 89) and Waites's Motion (Doc. 90) are due to be granted <u>to the extent stated herein</u>,[9] and all claims asserted against Defendants Goodwyn and Waites are due to be dismissed without prejudice for lack of subject

---

[9] Accordingly, the court will not enter an order of dismissal with prejudice as sought by both Goodwyn and Waites. Further, Goodwyn's request for an award of attorney's fees and expenses is due to be denied, and the court does not reach Goodwyn's alternative Rule 12(b)(6) ground offered in support of dismissal.

18

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The court will enter a separate order of dismissal.

**DONE** and **ORDERED** this the 20th day of January, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge