### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **WOODS KNOLL, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.:  1:09-CV-1219-VEH |
| ] | |
| **CITY OF LINCOLN,** ] | |
| **ALABAMA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

This lawsuit arises under the Federal Water Pollution Control Act a/k/a the Clean Water Act ("CWA") and Alabama state law.  (Doc. 1 ¶ 1).  The sole defendant remaining is the City of Lincoln, Alabama (the "City").[1]

Woods Knoll, LLC ("Woods Knoll") seeks damages to its farmland allegedly stemming from certain excavation, clearing, and grubbing activities authorized by the City in relation to the City's development of an industrial park in 2007.  Woods Knoll has asserted the following claims against the City:  violations of the CWA under

---

[1] Defendants Goodwyn, Mills & Cawood, Inc. ("Goodwyn") and Waites Construction Company, Inc. ("Waites") were both dismissed without prejudice on April 16, 2010.  (Doc. 57).  Claims against these defendants comprised count three of Woods Knoll's complaint.  (Doc. 81 at 44-46).

count one; negligence under count two; and nuisance, trespass, and inverse condemnation under count four. (Doc. 81 at 32-44, 46-49). A fair reading of Woods Knoll's complaint also supports a claim for common law interference with the natural flow of water onto Woods Knoll's land.

Pending before the court are the following six motions: (1) the City's Motion for Summary Judgment (Doc. 112) (the "Rule 56 Motion") filed on August 22, 2011; (2) the City's Motion To Strike the Declaration of Christian Gaiser (Doc. 165) (the "Gaiser Motion") filed on September 26, 2011; (3) the City's Motion To Strike and/or Exclude Report and Opinion Testimony of Doug Dallas (Doc. 166) (the "Dallas Motion") filed on September 26, 2011; (4) the City's Motion To Strike and/or Exclude *In Limine* the Opinion Testimony, Report, and Exhibits of J. Keith Maxwell (Doc. 167) (the "Maxwell Motion") filed on September 26, 2011; (5) the City's Motion To Strike and/or Exclude Testimony, Report, and Exhibits of Chris Woods (Doc. 167) (the "Woods Motion") filed on September 26, 2011; and (6) Woods Knoll's Motion To Strike and/or Exclude In Limine the Testimony and Report of Defendant's Expert Witness Lois George and Strike her Untimely Declaration and Documents Submitted Therewith (Doc. 181) (the "George Motion") filed on December 21, 2011.

All motions have been briefed and are under submission. (*See* Docs. 113-53,

156-59, 163, 170-73, 174-79, 182-83). Additionally, on January 4, 2012, the City requested that it be heard orally on Wood Knoll's George Motion. (Doc. 184). Because of the City's oral argument request and the number of pending motions, the court held a hearing on all pending motions on Wednesday, February 22, 2012, at 1:30 p.m., in Birmingham.

## II.    RULINGS

Having studied the record extensively and having heard oral arguments from the parties, the court, consistent with the conclusions reached during the hearing, determines that, regardless of the validity *vel non* of the five pending evidentiary motions, material factual disputes preclude the entry of summary judgment in favor of the City. Accordingly, the Rule 56 Motion is **DENIED**, and this case will be set for a bench trial on Woods Knoll's federal CWA claim and all its state law claims.

The Gaiser Motion, the Dallas Motion, the Maxwell Motion, the Woods Motion, and the George Motion are all **DENIED WITHOUT PREJUDICE** to the right of the parties to reassert any evidentiary issues therein in accordance with the court's final pretrial order.[2] However, as a reminder and with the consent of both

---

[2] To the extent that the City intends to offer as exhibits at trial the documents that are attached to the Lois George declaration dated August 22, 2011, and Woods Knoll still wants to assert a challenge about the timeliness of the disclosure of such records, then the issue should be raised by Woods Knoll as an objection to the City's list of exhibits. Accordingly, the City no longer needs to file a notice or supplement

sides as agreed to in open court, the court will not hold any separate *Daubert* hearing and instead will determine any *Daubert* issues (to the extent necessary) in conjunction with the bench trial proceedings.

    **DONE** and **ORDERED** this the 23rd day of February, 2012.

 

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

with the court relating to these objected-to materials as ordered during the hearing.