# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **WOODS KNOLL, LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 1:09-CV-1219-VEH |
| ] | |
| **CITY OF LINCOLN,** ] | |
| **ALABAMA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Fed. R. Civ. P. 59 Motion for New Trial Or Motion To Amend Judgment (Doc. 218) (the "Motion") filed on November 26, 2012. In its Motion, Plaintiff requests that this court "vacate its Memorandum of Decision [Doc. 211] and Final Judgment [Doc. 212] entered on October 29, 2012, in favor of Defendant City of Lincoln, Alabama . . . and order a new trial or adopt Plaintiff Woods Knoll, LLC's . . . proposed findings of fact and conclusions of law [Doc. 209] and direct the entry of a new judgment in favor o[f] Plaintiff Woods Knoll on all claims asserted." (*Id.* at 1). More specifically, Plaintiff maintains that this court's judgment in favor of Defendant "is based upon manifest errors of fact and law . . . ." (*Id.* at 3).

However, nowhere in the Motion does Plaintiff provide binding legal authority

which demonstrates how this court has committed manifest injustice by entering judgment in favor of Defendant. Instead, Plaintiff's Motion amounts to an ineffective rehashing of the same or similar arguments previously presented to and thoroughly considered and rejected by the court in its memorandum of decision (Doc. 211) entered after conducting a bench trial that lasted over one week. (*See id.* ("This case was tried *ore tenus* before the undersigned beginning on June 11, 2012, and ending on June 19, 2012.")).

Further, absent a sound demonstration of manifest injustice, the court need not entertain, for a second time, Plaintiff's prior positions presented both during as well as after the bench trial (*i.e.*, by way of its Notice of Claims and Damages (Doc. 207) and its Proposed Findings of Fact and Conclusions of Law (Doc. 209)), the substance of which Plaintiff has merely recycled and repackaged in the form of a Rule 59 motion. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (recognizing that a party "cannot use a Rule 59(e) motion to relitigate old matters" because of a disagreement over a "court's treatment of certain facts and its legal conclusions").

Under such circumstances, Plaintiff has not met the discretionary standard applicable to Rule 59(e) motions. *See Futures Trading Comm'n v. American Commodities Group*, 753 F.2d 862, 866 (11th Cir.1984) ("The decision to alter or

amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."). Additionally, other than simply stating the applicable procedural standard (Doc. 218 at 2), Plaintiff has not attempted to articulate must less persuasively shown how it is entitled to a new trial "for any reason which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Accordingly, Plaintiff's Motion is **DENIED**.

    **DONE** and **ORDERED** this the 29th day of November, 2012.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge