# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **WOODS KNOLL, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:09-CV-1219-VEH** |
| ) | |
| **THE CITY OF LINCOLN,** ) | |
| **ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

This lawsuit arises under the Clean Water Act (the "Act") and, upon conclusion of a seven-day bench trial, was decided adversely to Plaintiff in a memorandum of decision (Doc. 211) and final judgment (Doc. 212) entered by the court on October 29, 2012. Pending before the court is Defendant's Motion Pursuant to 33 U.S.C. § 1365(d) for an Award of Attorney's Fees and Expert Witness Fees in Addition to the Costs Already Taxed Against Plaintiff (the "Motion") (Doc. 213) filed on November 13, 2012.[1]  Plaintiff opposed the Motion on November 20, 2012, and Defendant

---

[1] The court notes that, although a notice of appeal with the Eleventh Circuit has been filed by Plaintiff (Doc. 220), neither side has argued that this court lacks jurisdiction to decide this contested Motion. Further, in light of the prevailing party language utilized under the Act (which is akin to that which appears in 42 U.S.C. § 1988), and consistent with Supreme Court and Eleventh

elected not to file a reply.  For the reasons explained below, the Motion is **DENIED**.

## II. Standard

Section 1365(d) of the Act sets forth a discretionary standard with respect to a motion seeking to recover litigation costs and provides:

> (d) Litigation costs
>
> The court, in issuing any final order in any action brought pursuant to this section, <u>may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate</u>. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

33 U.S.C. § 1365(d) (emphasis added).

## III. Analysis

In its final judgment order in favor of Defendant, although conventional costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure were taxed against Plaintiff (Doc. 212 at 1), the court did not speak to the issue of awarding litigation

---

Circuit precedent, the court independently concludes that it has jurisdiction to rule on the Motion despite the pending appeal. *Cf. White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S. Ct. 1162, 1166, 71 L. Ed. 2d 325 (1982) ("By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action-issues to which Rule 59(e) was never intended to apply.") (footnote omitted); *Rothenberg v. Security Management Co., Inc.*, 677 F.2d 64, 65 (11th Cir.1982) ("Following from the above, we hold that the request for attorney's fees in the instant case was a motion for costs which the district court had jurisdiction over despite the filing of the notice of appeal."); *Rothernberg*, 677 F.2d at 65 ("The statute under which attorney's fees are sought, Ga. Code § 22-615(e), is similar in language to 42 U.S.C. § 1988.").

costs under the Act. (*Id.*). In its Motion, Defendant points out that a number of courts have construed § 1365(d) to permit a prevailing defendant to recover attorney's fees when the plaintiff's lawsuit is "frivolous, unreasonable, or without foundation." (Doc. 213 at 2 ¶ 2).

Importantly, however, nowhere in its Motion does Defendant cite to the standard that the Eleventh Circuit has followed when interpreting § 1365(d)[2] or

---

[2] In *Friends of the Everglades v. South Florida Water Management District*, 678 F.3d 1199 (11th Cir. 2012), the Eleventh Circuit analyzed § 1365(d) from the standpoint of a plaintiff who sought such an award and stated:

> Generally, parties pay their own fees and costs in connection with bringing a law suit unless some statutory fee-shifting provision permits the court to award fees to a "prevailing party." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 307 F.3d 1318, 1322 (11th Cir. 2002). Absent a contrary legislative directive, a "prevailing party" is one who prevails on "any significant issue" and thereby achieves some of the benefits sought by bringing suit. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989). Here, the Clean Water Act specifically allows the court to award attorneys' fees and costs to "any prevailing or substantially prevailing party, whenever the court determines that such award is appropriate." 33 U.S.C. § 1365(d). A prevailing or substantially prevailing party is one who prevailed "in what the lawsuit originally sought to accomplish." *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1532 (11th Cir.1996) (citation omitted). In other words, an award of attorneys' fees in a Clean Water Act suit is appropriate when the moving party has advanced the goals of the Act. *Chemical Mfrs. Ass'n v. United States Envtl. Prot. Agency*, 885 F.2d 1276, 1279 (5th Cir.1989).
>
> <u>In addition to the "prevailing party" requirement, the district court must determine that the award is "appropriate."</u> 33 U.S.C. § 1365(d); *Loggerhead Turtle*, 307 F.3d at 1323 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S. Ct. 3274, 77 L. Ed. 2d 938 (1983)). As the Supreme Court has explained, "the term 'appropriate' modifies but does not completely reject the traditional rule that a fee claimant must 'prevail' before it may recover attorney's fees." *Ruckelshaus*, 463 U.S. at 686, 103 S. Ct. 3274. Thus, "absent some degree of success on the merits by the

alternatively explain what standard the Eleventh Circuit would likely follow when a defendant maintains that it is a prevailing party under the Act and why.³  It is axiomatic that, as the movant, Defendant bears the burden of persuading this court that it is entitled to the relief sought.  Here, on the issue of the appropriate standard to apply alone, Defendant's efforts are significantly lacking.

As the United States District Court for the Southern District of Alabama has observed:

> "Judges are not like pigs, hunting for truffles buried in briefs." *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009). An issue must be "fairly presented" in order to trigger consideration, and a glancing reference without discussion or legal authority does not meet that standard. *Id.* As the Court has previously noted, (Doc. 110 at 2), "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the

> claimant, it is not 'appropriate' for a federal court to award attorney's fees." *Id.* at 694, 103 S. Ct. 3274; *see also id.* at 688 n.9, 103 S. Ct. 3274 ("[T]rivial success on the merits, or purely procedural victories, would [not] justify an award of fees under statutes setting out the 'when appropriate' [sic] standard."). Thus, "there is unambiguous evidence that Congress intended the 'whenever ... appropriate' fee provisions of the . . . Clean Water Act to allow fee awards to plaintiffs who do not obtain court-ordered relief but whose suit has a positive catalytic effect." *Loggerhead Turtle*, 307 F.3d at 1326.

678 F.3d at 1201-02 (footnote omitted) (emphasis added); *see also Hughey v. JMS Development Corp.*, 78 F.3d 1523, 1532 (11th Cir. 1996) (indicating that under § 1365(d) "[a] prevailing or substantially prevailing party is one who prevailed 'in what the lawsuit originally sought to accomplish'" (citing *Washington Public Interest Research Group v. Pendleton Woolen Mills*, 11 F.3d 883, 887 (9th Cir.1993))).

---

³ Based upon the court's independent research, the issue of when a defendant should receive an award under § 1365(d) appears to be an open question within the Eleventh Circuit.

materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

*Amazing Grace Bed & Breakfast v. Blackmun*, No. 09-0298-WS-N, 2011 WL 606126, at *3 (S.D. Ala. Feb. 11, 2011). Therefore, akin to *Amazing Grace*, in omitting any reference to *Friends of the Everglades* and otherwise avoiding any discussion of the Eleventh Circuit's likely approach for addressing when § 1365(d) relief is "appropriately" awarded to a defendant, Defendant has not "fairly presented" a legal platform for analyzing its Motion, and, consequently, Defendant has not even triggered the court's consideration of the Motion's merits.

However, assuming without deciding that the Eleventh Circuit would agree that a defendant may be entitled to an award of litigation costs under § 1365(d) due to the frivolous or unreasonable nature of a plaintiff's lawsuit, the Motion still fails because the court finds that the merits of Plaintiff's lawsuit, which were aired during the bench trial do not meet such a measure. The court alternatively rules that, even if the court were to conclude a defendant may be entitled to an award of litigation costs under § 1365(d) due to the frivolous or unreasonable nature of a plaintiff's lawsuit <u>and</u> were to decide that Defendant had satisfied the suggested standard of frivolity for § 1365(d)'s requests arising in this context, because Defendant has not even mentioned, much less articulated why, under the circumstances of this case, an award

5

to it pursuant to § 1365(d) would be also "appropriate" under the Act, the Motion misses the second step of the framework set forth in *Friends of the Everglades* and, as a result, is independently lacking on account of this deficiency.

## IV.   Conclusion

Accordingly, for all the foregoing reasons, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 16th day of January, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge